IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 12-95-LPS |
| | ) | |
| ARMANDO ALONZO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

1. Pending before the Court is Defendant's renewed Motion for Judgment of Acquittal on a charge of passport fraud. (D.I. 65) The motion is fully briefed. (*See* D.I. 65, 66, 67) For the reasons set forth below, Defendant's Motion is DENIED.

2. A federal grand jury returned a two-count indictment against Defendant Armando Alonzo ("Defendant") on December 12, 2012, charging him with passport fraud, in violation of 18 U.S.C. § 1542, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(c)(7). (D.I. 6, 7) Following a jury trial, Defendant was convicted of passport fraud and acquitted of aggravated identity theft. (D.I. 59, 60)

3. During trial, following the close of the government's case-in-chief, Defendant moved pursuant to Federal Rule of Criminal Procedure 29 for judgment of acquittal. (*See* D.I. 69 at 7) ("Tr.") Defendant sought acquittal on both counts of the Indictment on the ground that "no one ha[d] identified [Defendant]" as the individual charged in the indictment. (*Id.*) The Court denied Defendant's motion. (*Id.* at 11-12) Following trial, Defendant filed the pending renewed motion. (D.I. 65)

4. Federal Rule of Criminal Procedure 29(a) provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

In reviewing a defense motion pursuant to Rule 29, the Court "must review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). In undertaking this task, the Court must draw all reasonable inferences from the evidence in favor of the jury's verdict. *See United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996). "Courts must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [their] judgment for that of the jury." *Brodie*, 403 F.3d at 133 (internal citations omitted).

5. In his renewed motion, Defendant again contends that the Court should enter a judgment of acquittal on the passport fraud charge because no witness identified him in open court. (D.I. 65 at 1) The Court disagrees.

6. At trial, as part of its case-in-chief, the government presented evidence from which a reasonable jury, viewing the evidence in the light most favorable to the government, could find that Defendant was the individual who completed the fraudulent passport application. In particular, the government: introduced Government Exhibit 1, the passport application, which included a photograph (Tr. at 4); presented the testimony of the postal employee to whom the application was presented, who testified that the person depicted in the photograph is the person

who submitted the passport application (D.I. 68 at 190); and a stipulation, by which the parties agreed "that the photograph appearing on Government's Exhibit 1 is a photograph of Armando Alonzo that was submitted at the time of the passport application" (Tr. at 6). From this evidence, as well as its own observations of Defendant during trial, the jury could reasonably have concluded that the individual submitting the passport application was the same individual depicted in the photograph, and further that the individual depicted in the photograph was Defendant, who is the person charged in the Indictment. Under the circumstances, it was not necessary that any witness identify Defendant in court as the individual charged in the Indictment.

7. After the Court denied Defendant's motion during trial, Defendant testified in his own defense. (*Id.* at 12) As part of his testimony, Defendant admitted to submitting the passport application in an attempt to obtain a passport in a false name. (*Id.* at 17) This is an additional basis on which the Court concludes that Defendant has failed to meet his burden of showing that there is insufficient evidence to support his conviction. *See United States v. Smith*, 294 F.3d 473, 477 (3d. Cir. 2002) ("[A] finding of insufficiency should be confined to cases where the prosecution's failure is clear.") (internal quotation marks omitted); *United States v. Velasquez*, 271 F.3d 364, 371-72 (2d Cir. 2001) ("Velasquez' motion for judgment of acquittal at the close of the government's case-in-chief was denied and he chose to present evidence in his defense. We may therefore evaluate the sufficiency of the evidence based on the entire record.").

Accordingly, Defendant's Motion for Judgment of Acquittal (D.I. 65) is DENIED.

June 25, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE